UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BLAYNE SEIDL and JENELL SEIDL,

        Plaintiffs,

  v.

Case No. 25-cv-230-pp

NATIONWIDE GENERAL INSURANCE COMPANY,

        Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO BIFURCATE AND STAY (DKT. NO. 21)**

On March 21, 2025, the plaintiffs filed a complaint alleging that the defendant breached its insurance contract with the plaintiff after an October 2023 fire damaged the plaintiffs' home. Dkt. No. 1. On March 21, 2025, they filed an amended complaint. Dkt. No. 12. The defendant has answered the amended complaint, dkt. no. 15, and has moved to bifurcate and stay the proceedings under Federal Rule of Civil Procedure 42(b), dkt. no. 21. The court will grant the motion to bifurcate and stay discovery on the bad faith and statutory interest claims but will deny the motion as to the contents claim.

**I.    Background**

The amended complaint alleges that the plaintiffs had an insurance contract with the defendant to provide coverage for fire damage to the plaintiffs' home in Dousman, Wisconsin. Dkt. No. 12 at ¶¶1, 3–4. The plaintiffs allege that their home was damaged because of a fire on October 7, 2023. Id. at ¶¶7–

1

8. They allege that they submitted to the defendant a claim for the damage, but the defendant "lowballed the claim" and has failed to make a full, timely payment to the plaintiffs. Id. at ¶¶10–11.

The plaintiffs allege that on June 12, 2024, the defendant sent them ma letter invoking the insurance contract's appraisal clause for the dwelling portion of the claim. Id. at ¶13. According to the plaintiffs, after receiving the appraisal award, the defendant reduced it by, among other things, "Prior Claim RCV (replacement cost value)." Id. at ¶16. The plaintiffs allege that there was no basis in the insurance contract or the applicable law for reducing the claim payment based on a "Prior Claim RCV." Id. at ¶18. Because of this allegedly improper reduction, the plaintiffs contend that the defendant has failed to pay the dwelling claim in full. Id. at ¶19. The plaintiffs allege that the defendant also improperly demanded an appraisal of the personal property (or "contents") portion of the claim, but has failed to complete that investigation, delaying payment on that portion of the claim. Id. at ¶¶21–26.

The amended complaint alleges three causes of action: a breach of contract claim, a bad faith claim and a claim for statutory interest on any overdue claim payments. Id. at ¶¶31–47. After the defendant answered the amended complaint, it moved to bifurcate and stay the bad faith and statutory interest claims pending the resolution of the breach of contract claim. Dkt. Nos. 21, 22. The defendant also seeks to stay the proceedings as to the contents claim because the appraisal process for that claim is not yet complete. Dkt. No. 22 at 10. The plaintiffs oppose the motion. Dkt. No. 23.

2

## II. Legal Standard

Wisconsin law controls the substance of the plaintiff's breach of contract and bad faith claims, but the court applies federal procedural law to the defendants' motion to bifurcate and stay. Klonowski v. Int'l Armament Corp., 17 F.3d 992, 995 (7th Cir. 1994) ("As a federal court sitting in diversity, we apply Wisconsin state law to resolve the substantive questions concerning the accident and federal law on any procedural and evidentiary issues."). Under Federal Rule of Civil Procedure 42(b), the court "may separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." Chlopek v. Fed. Ins. Co., 499 F.3d 692, 700 (7th Cir. 2007). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion and will be overturned only upon a clear showing of abuse." Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999). "Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." Land O' Lakes, Inc. v. Packerland Whey Prod., Inc., Case No. 14-C-1388, 2015 WL 1034481, at *1 (E.D. Wis. Mar. 10, 2015) (citing Houseman, 171 F.3d at 1121).

## III. Motion to Bifurcate and Stay

### A. Parties' Arguments

The defendant argues that the bad faith and interest claims should be bifurcated from the breach of contract claim. Dkt. No. 22 at 4. It contends that "Wisconsin courts have repeatedly endorsed bifurcating" such claims and

3

staying discovery on those claims until the insured proves their breach of contract claim. Id. (citing Dahmen v. Am. Fam. Mut. Ins. Co., 247 Wis. 2d 41 (Wis. 2001)). According to the defendant, the evidence necessary to support a bad faith claim is "very different" from the evidence to support a breach of contract claim. Id. It argues that Wisconsin courts have found that not bifurcating these claims would prevent the insurer from fairly defending the underlying contract claim, confuse and prejudice the jury and interfere with settlement negotiations on the contract claim. Id. at 4–5 (quoting Dahmen, 247 Wis. 2d at 550). The defendant argues that the Dahmen court also found that jury instructions could not remedy the risk of confusion and prejudice to the defendant. Id. at 5 (quoting Dahmen, 247 Wis. 2d at 552). The defendant contends that here, the contract claim is based on whether the defendant has fully paid the appraisal award for the dwelling and whether the defendant has delayed payment on the contents claim. Id. According to the defendant, discovery on whether it acted in bad faith may "impermissibly sway" the interpretation of the insurance policy, create a longer and more complex trial and confuse the jury. Id. at 5–6. The defendant argues that the contract claim should be tried separately, prior to discovery and any trial on the bad faith and interest claims. Id. at 6.

The defendant also asks the court to stay discovery on the bifurcated bad faith and interest claims. Id. It contends that the bad faith claim requires discovery beyond what is necessary to establish a breach of contract. Id. at 6–7. It argues that the statutory interest claim may lead to the discovery of

"privileged and subjective information," so courts have treated interest claims similarly to bad faith claims in the context of a motion to bifurcate and stay. Id. at 7 (citing Baires v. State Farm Ins. Co., 231 F. Supp. 3d 299, 308 (E.D. Wis. 2017)). After arguing that its actions were permissible under the insurance policy, the defendant asserts that without proving a breach of contract, the plaintiffs are not allowed to obtain bad faith discovery. Id. at 7–9.

The defendant also argues that the court should stay the claim related to the contents of the building because the parties are in the midst of the appraisal process. Id. at 10. It maintains that litigating the value of the contents before the binding appraisal is completed is a waste of judicial resources. Id.

The plaintiffs respond that the defendant has not shown that the court should exercise its discretion to bifurcate the claims. Dkt. No. 23 at 3–4. They argue the defendant has not shown that prejudice will result if the claims are not bifurcated. Id. at 4. They contend the defendant has not identified any specific documents or categories of information that will have to be disclosed during discovery that would result in prejudice to the breach of contract claim. Id. They assert that discovery on the claims will "naturally intersect" and that bifurcating the case will delay the proceedings for no reason. Id. The plaintiffs argue that the same documents, witnesses and facts will support all the claims in this case, so bifurcating discovery would result in duplicative efforts. Id. at 5. According to the plaintiffs, there is no evidence to suggest that a jury would be confused by trying all three claims at the same time because of the

5

overlapping evidence. Id. at 5–6. The plaintiffs argue that bifurcating the case would be inconvenient and would present issues of judicial economy because of the possibility of repetitive discovery and trials. Id. at 6–7. The plaintiffs argue that the lack of discovery on bad faith also would impede settlement discussions or mediation and summary judgment motion practice. Id. at 7.

The plaintiffs next contend that the contents claim should not be stayed because the defendant improperly invoked the appraisal for the contents claim. Id. at 8. The plaintiffs allege that the defendant invoked the appraisal process without satisfying the necessary prerequisites stated in the parties' contract for an appraisal. Id. They argue that the defendant should not be allowed to delay litigation because of the invalid appraisal. Id.

The defendant replies that the breach of contract claim and the bad faith claim are separate and distinct, so separate discovery will be necessary. Dkt. No. 26 at 2–4. It argues that the resolution of the breach of contract claim will not require extensive discovery, while the bad faith claim will require discovery involving the defendant's investigation into the claim and the appraisal process. Id. at 4. It contends that the parties still are waiting on the appraisal of the contents claim, which is a basis for the bad faith claim. Id. at 4–5. It contends that the breach of contract claim (and, as a result, the bad faith claim) could end up being dismissed at the summary judgment stage, so performing discovery on bad faith would be wasteful. Id. at 6. The defendant disputes the plaintiff's reading of the policy regarding appraisals and argues

6

that in any event, the appraisal is ongoing, so the contents claim is not ripe for adjudication. Id. at 7.

B. Analysis

In Wisconsin, bad faith is an intentional tort distinct from a claim that an insurer breached its contract with an insured. Brethorst v. Allstate Prop. & Cas. Ins. Co., 334 Wis. 2d 23, 28, 36 (2011). But a breach of contract by the insurer is a "fundamental prerequisite" to an insured's bad faith claim. Id. at 52; see also Dahmen, 247 Wis. 2d at 552. Once breach of a contract has been established, a bad faith claim requires proof that the insurer lacked a reasonable basis for denying or delaying policy benefits and that the insurer "acted with 'knowledge or reckless disregard' of the lack." Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n, 839 F.3d 654, 658 (7th Cir. 2016) (quoting Anderson v. Continental Ins. Co., 85 Wis. 2d 675, 691-93 (1978)).

Courts in this district have granted motions to bifurcate breach of contract claims from bad faith claims due to the separate and distinct nature of the claims. See Sherman Creek Condominiums, Inc. v. Mid-Century Ins. Co., Case No. 19-cv-1735, 2020 WL 5370770, at *4 (E.D. Wis. Sept. 8, 2020) (citing Shalock v. State Farm Mut. Auto. Ins. Co., Case No. 13-C-0538, 2014 WL 950548, at *1 (E.D. Wis. Mar. 11, 2014); Freda, et al. v. State Farm Mut. Auto. Ins. Co., Case No. 12-C-570, 2013 WL 3829630 (E.D. Wis. July 23, 2013); Poznanski v. Pa. Life Ins. Co., Case No. 11-C-260, 2011 WL 2634406 (E.D. Wis. July 5, 2011); Winter v. Liberty Mut. Fire Ins. Co., Case No. 06-C-800, 2006 WL 2711804 (E.D. Wis. Sept. 21, 2006)).

The plaintiffs allege that the defendant acted in bad faith when it "breached the terms and condition [*sic*] of the policy and duties owed to Plaintiffs" both by "failing or refusing to make payment consistent with the appraisal award on the dwelling portion of the claim" and by "failing or refusing to conclude its investigation of the contents portion of the claim with all reasonable dispatch and, instead, prematurely invoking appraisal." Dkt. No. 12 at ¶¶39–40. To proceed with the bad faith claim—both as pleaded and under Wisconsin law generally—the plaintiffs must prove a breach of the contract. The viability of the bad faith claim is dependent on the construction of the contract, which is a legal question unlikely to require substantial discovery. If the court concludes that the defendant did not breach the contract, the bad faith claim will fail as a matter of law, and there will be no need for the parties to conduct discovery on whether the defendant acted in bad faith.

It would promote judicial economy to bifurcate the breach of contract claim from the bad faith and statutory interest claims and to stay discovery on the those claims until the breach of contract claim is resolved. It will not unfairly prejudice the plaintiffs to bifurcate and stay, because it is likely that little discovery will be needed on the breach of contract claim and, in any event, if the breach of contract claim is resolved in favor of the defendants, both parties will save the cost of additional discovery on the bad faith claim. As for whether separate trials would violate the Seventh Amendment, the court can address later in the case the issue of whether to keep the claims bifurcated for purposes of trial. Once the parties complete discovery on the breach of contract

8

claim, one or both likely will file dispositive motions. If the court resolves the dispositive motions by finding that the defendant breached the contract, the court will confer with the parties to determine how much time they need for additional discovery on the bad faith and statutory interest claims and determine whether to join the claims for trial.

The defendant also seeks to bifurcate and stay the issue of whether it breached the contract as to the contents claim because the appraisal is not yet complete. But the value of the contents determined by the appraisal is not the only dispute. The plaintiffs dispute that the defendant even was entitled to invoke the appraisal clause on the contents claim. Whether the defendants properly invoked the appraisal clause goes to the merits of the plaintiffs' breach of contract claim, as evidenced by the parties' briefing on this issue arguing for competing interpretations of the terms of the policy. It would not promote judicial economy for the court to analyze whether the defendant breached the contract solely as to the dwelling claim, then later analyze whether the defendant breached the contract solely as to the contents claim, because both claims involve the construction of the contract's terms and would rely on the same limited discovery. The court will not bifurcate the contents claim from the breach of contract claim and denies the defendant's motion as to that portion of the claim.

### IV. Conclusion

The court **GRANTS IN PART** and **DENIES IN PART** the defendant's motion to bifurcate and stay. Dkt. No. 21. The court **GRANTS** the motion to

9

bifurcate and stay discovery as to the bad faith and statutory interest claims. The court **DENIES** the motion as to the contents claim

The court **ORDERS** that discovery on the issues of bad faith and statutory interest is **STAYED** until further order of the court.

The court will issue a separate order setting a scheduling conference and a deadline for the parties to file a joint Rule 26 discovery plan.

Dated in Milwaukee, Wisconsin this 10th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:25-cv-00230-PP   Filed 10/10/25   Page 10 of 10   Document 29